## LAND OF LINCOLN SAVINGS AND LOAN, Plaintiff,

v.

## PARR SECURITIES CORP., et al., Defendants.

85 Civ. 3441 (EW).

United States District Court, S.D. New York.

June 10, 1985.

Bernstein Litowitz Berger & Grossman, New York City, Hogan & Hartson, Washington, D.C., for plaintiff; Max W. Berger, Daniel L. Berger, New York City, Sherwin J. Markman, John C. Keeney, Jr., Martha L. Roadstrum, James G. Middlebrooks, Washington, D.C., of counsel.

Gaston Snow Beekman & Bogue, New York City, for defendants Sec. Pacific Clearing & Services Corp.; Catherine A. Ludden, of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff Land of Lincoln Savings & Loan ("Land of Lincoln") seeks to recover, inter alia, three "Freddie Mac" and five "Ginnie Mae" certificates totalling $3,780,000 allegedly registered in its name and previously held for safekeeping by its custodian, defendant Parr Securities Corp. ("Parr"). Plaintiff claims that Parr wrongfully transferred the eight certificates to co-defendant Security Pacific Clearing & Services Corp. ("SPCSC") as collateral for a debt owed by Parr to SPCSC, the alleged transfer occurring by means of assignments bearing the forged signature of plaintiff's officer responsible for its financial affairs. The fact of forgery of the certificates does not appear to be disputed. Parr has entered into a consent judgment with the Securities and Exchange Commission ("SEC") in which Parr admits it converted to its own use some $6.8 million of plaintiff's certificates by pledging them to SPCSC.[1]

Land of Lincoln now moves for a preliminary injunction enjoining SPCSC from selling, transferring, or otherwise disposing of the certificates registered in plaintiff's name pending a decision on the merits of its claims. It further moves to enjoin nominal defendant Chemical Bank, the transfer agent for the certificates, from transferring their record ownership. Upon argument of the motion the Court directed that the status quo with respect to the eight certificates be maintained pending submission of further papers and disposition by the Court.

Since it filed the instant motion, Land of Lincoln learned that the three Freddie Mac certificates registered in its name were re-registered into book entry or street name on May 6, 1985, pursuant to an application for transfer from SPCSC, and thereafter

---

**1.** *Securities & Exchange Comm'n v. Parr Securities Corp.,* No. 85 Civ. 3451, Consent Judgment at pp. 3–4 (S.D.N.Y. May 6, 1985).

sold. It acknowledges that the Freddie Mac certificates are beyond the injunctive powers of this Court.[2] It maintains, however, that the remaining five Ginnie Mae certificates were still within the control of SPCSC or one of its affiliates at the time the Court imposed the stay on May 7, 1985 and urges the Court to enjoin any further negotiation of these securities by SPCSC.

Land of Lincoln contends it is entitled to preliminary injunctive relief against SPCSC under sections 8–311 and 8–315 of New York's Uniform Commercial Code ("UCC"). Section 8–311 provides that an owner of a certificated security may assert the ineffectiveness of an unauthorized indorsement against "any purchaser other than a purchaser for value and without notice of adverse claims who has in good faith received a new, reissued or re-registered certificated security on registration of transfer."[3] Section 8–315 provides that if the owner may assert the ineffectiveness of the unauthorized indorsement against the purchaser under section 8–311, then the owner may "reclaim or obtain possession of that security or new certificated security." This right to reclaim or obtain possession, the section further provides, "may be specifically enforced and the transfer of a certificated ... security enjoined and a certificated security impounded pending the litigation."[4]

In this case, Land of Lincoln has failed to show a likelihood of success on the merits of its claim against SPCSC insofar as it seeks to recover actual possession of the five Ginnie Mae certificates. It appears that SPCSC no longer retains possession or control of the certificates. Counsel for SPCSC states in her affidavit dated May 23, 1985 that the certificates "are no longer owned by or controlled by SPCSC," that

they "were re-registered, sold, and transferred to a third party on or before May 6, 1985," and that these "transactions were fully settled on a cash basis on May 6, 1985."[5] At argument, the Court directed her and counsel for all parties to ascertain the precise status of the certificates and advise the Court thereof. In view of this specific direction, defense counsel's subsequent representation that the transactions in fact were fully settled on May 6, 1985 and that SPCSC no longer retains possession or control over the securities carries considerable weight. In any event, nothing has been presented by plaintiff to warrant rejection of the representation by counsel for SPCSC.

Land of Lincoln also has failed to show it is likely to suffer irreparable harm if injunctive relief is not granted before a decision on the merits can be rendered.[6] In addition to the relief described earlier, section 8–315 of the UCC also provides that if the transfer of the certificates to SPCSC was wrongful for any reason, plaintiff may recover damages against SPCSC, provided the latter was not a "bona fide purchaser."[7] A "bona fide purchaser" is one who takes delivery of a certificated security for value, in good faith, and without notice of any claim that the transfer is wrongful or that a particular adverse person is the owner of or has an interest in the security.[8] Since plaintiff asserts that SPCSC had notice of Parr's wrongdoing and plaintiff's adverse claim to the securities and thus was not a "bona fide purchaser,"[9] plaintiff would be entitled to recover damages against SPCSC pursuant to section 8–315 in the event it prevails upon its claim. In that circumstance, Land of Lincoln would not be

2. Gibson aff. of May 7, 1985 at ¶ 7; plaintiff's reply brief at p. 3.

3. See N.Y.U.C.C. § 8–311(a) (McKinneys Supp. 1984).

4. Id. at § 8–315(2), (3).

5. Ludden aff. at ¶ 3.

6. See Bell & Howell: Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir.1983).

7. N.Y.U.C.C. § 8–315(1)(d) (McKinneys Supp. 1984).

8. Id. at § 8–302(1), (2).

9. Plaintiff's reply brief at p. 7; see Dolan aff. of May 23, 1985 at ¶ 4.

deprived of an effective remedy against SPCSC were the latter to dispose of any certificates it may still have within its control or possession, unless SPCSC were unable to satisfy a potential money judgment against it.

Plaintiff has provided no evidence that SPCSC is or would be financially unable to do so. It argues that "there is no indication that Security Pacific would be able to satisfy a money judgment, particularly where over $4 million is at risk" and further avers that defendant's involvement in litigation arising from the collapse of two other securities firms "creates legitimate uncertainty concerning the future resources of Security Pacific."[10] These statements, however, are unsupported by any detailed evidence of the size of the potential losses, if any, that SPCSC may incur in those matters or of its financial condition generally. Although such financial information is readily available to the public, not a single evidentiary fact has been submitted by plaintiff that raises a question as to the ability of SPCSC, a subsidiary of the nation's seventh largest bank holding company,[11] to satisfy a potential $4 million judgment. Land of Lincoln has failed to discharge its burden of showing irreparable harm.

Accordingly, Land of Lincoln's motion for a preliminary injunction is denied.

So ordered.

---

**10.** Plaintiff's reply brief at pp. 8–9.

